Justin Cilenti (GC 2321)
Peter H. Cooper (PHC 4714)
CILENTI & COOPER, PLLC
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
E-mail: pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICOLAS LOPEZ ROSADO, on behalf of himself, and others similarly situated, | Case No.: 19 CV 2899 |
| Plaintiff, | **COMPLAINT** |
| -against- | ECF Case |
| MANHATTAN LUXURY AUTOMOBILES, INC., *dba* LEXUS OF MANHATTAN, *or any other business entity doing business as* "LEXUS OF MANHATTAN", located at 627 Eleventh Avenue, New York, NY 10036; ERNIE'S AUTO DETAILING, INC., ERNESTO DECENA and CARMINE PENELLA, individually, | |
| Defendants. | |

Plaintiff, Nicolas Lopez Rosado ("Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, Manhattan Luxury Automobiles, Inc., *dba* Lexus of Manhattan, or any other business entity doing business as "Lexus of Manhattan", located at 627 Eleventh Avenue, New York, NY 10036 (hereinafter, "Lexus of Manhattan"); and Ernie's Auto Detailing, Inc., and Ernesto Decena and Carmine Penella, individually, (all defendants, collectively, "Defendants"), and states as follows:

**INTRODUCTION**

1. Plaintiff, Nicolas Lopez Rosado, alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiff, Nicolas Lopez Rosado, further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day he worked in excess of ten (10) hours; (4) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

**PARTIES**

5. Plaintiff is an adult resident of Bronx County, New York.

6. Defendant, Manhattan Luxury Automobiles, Inc., *dba* Lexus of Manhattan, is a business corporation organized and existing under the laws of the State of

New York, with a principal place of business at 627 Eleventh Avenue, New York, NY 10036.

7.     Defendant, Ernie's Auto Detailing, Inc., is a foreign business corporation, doing business in the State of New York, with a principal place of business at 404 Clifton Avenue, Clifton, New Jersey 07011.

8.     Upon information and belief, Defendant, Carmine Penella, is a general manager in the service department of Lexus of Manhattan, whose address is unknown at this time and who participated in the day-to-day operations of Lexus of Manhattan, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Lexus of Manhattan.

9.     Upon information and belief, Defendant, Ernesto Decena, is the owner, general manager, officer, director and/or managing agent of Ernie's Auto Detailing, Inc., whose address is unknown at this time and who participated in the day-to-day operations of Ernie's Auto Detailing, Inc, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Ernie's Auto Detailing, Inc.

10.    The individual defendants, Ernesto Decena and Carmine Penella, both exercised control over the terms and conditions of plaintiff's employment, in that they have and have had the power to: (i) hire and fire employees, (ii) determine rates and

methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

11. Plaintiff, Nicolas Lopez Rosado, was employed by Defendants in New York County, New York, to work in the service department, at a car dealership and service center known as "Lexus of Manhattan", located at 627 Eleventh Avenue, during the past three (3) years.

12. Plaintiff Nicolas Lopez Rosado was employed by Ernie's Auto Detailing, Inc., continuously during approximately seven (7) years, ending on or about January 20, 2019.

13. During each of the three (3) most recent years relevant to the allegations herein, Lexus of Manhattan, through corporate entities, operated a large sales and service center for new and used automobiles on the west side of Manhattan.

14. Defendant, Lexus of Manhattan, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and had an annual gross volume of sales of at least $500,000.

15. Defendant, Ernie's Auto Detailing, Inc., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been

moved in or produced for commerce, and (ii) has and had an annual gross volume of sales of at least $500,000.

16. At all relevant times, the defendants were and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA.

17. At all relevant times, the work performed by Plaintiff, Nicolas Lopez Rosado, was directly essential to the business operations of the corporate defendants.

18. Although Lexus of Manhattan and Ernie's Auto Detailing, Inc. are separate corporations or business entities, each engage in related activities, namely, operating a motor vehicle service center at 627 Eleventh Avenue in Manhattan. The corporations shared Plaintiff and other similarly situated employees, and acted in the interest of each other with respect to employees.

19. Plaintiff was paid by check, and worked for Ernie's Auto Detailing, Inc., for approximately seven (7) years.

20. During the past three (3) years, Plaintiff was stationed at Lexus of Manhattan, where his work was supervised and controlled by the service department.

21. Defendant, Ernesto Decena, creates and implements crucial business policies, including concerning the number of hours the employees are required to work, the amount of pay that the employees are entitled to receive, and the method and manner by which the employees are to be paid.

22. At relevant times, Defendant, Carmine Penella, created and implemented crucial business policies, including concerning the number of hours Plaintiff and other similarly situated employees were required to work, and the work duties and

requirements on a day-to-day basis; and he terminated Plaintiff's employment in January 2019.

23. The defendant corporations provide mutually supportive services to the substantial advantage of the other such that each entity is operationally interdependent of each other and, therefore, may be treated as a single enterprise and/or joint employer.

24. The performance of Plaintiff's job responsibilities, as well as the responsibilities of other similarly situated employees, was and continues to be controlled by multiple persons, corporations, or other organizational units acting together.

25. The corporate defendants share a common commercial business purpose, namely, operating a Lexus service and repair center on the west side of Manhattan.

26. Upon information and belief, an arrangement existed between the corporate defendants whereby both entities agreed to share the services of Plaintiff and other similarly situated employees.

27. Upon information and belief, the corporate defendants, shared control of Plaintiff.

28. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned wages, in contravention of the FLSA and New York Labor Law.

29. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Nicolas Lopez Rosado, and others similarly situated, lawfully earned wages and minimum wages in contravention of the FLSA and New York Labor Law.

30. At relevant times, Defendants knowingly and willfully failed to pay Plaintiff Nicolas Lopez Rosado, and others similarly situated, lawfully earned overtime wages in contravention of the FLSA and New York Labor Law.

31. At relevant times, Defendants knowingly and willfully failed to pay Plaintiff Nicolas Lopez Rosado, and others similarly situated, lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

32. Plaintiff, Nicolas Lopez Rosado, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

33. In or around April 2012, Plaintiff, Nicolas Lopez Rosado, was hired by Defendant Ernie Auto Detailing, Inc., to work as a helper / cleaner / car washer and detailer.

34. Plaintiff Nicolas Lopez Rosado was continuously employed by Defendant Ernie Auto Detailing, Inc., between April 2012, through January 20, 2019.

35. During the most recent three (3) years, Plaintiff worked at and for the service department of Lexus of Manhattan.

36. Plaintiff's regular scheduled was Mondays through Fridays, 9:00 a.m. through 7:00 p.m.; and Saturdays 8:00 a.m. through 5:00 p.m. Plaintiff punched a time clock at Lexus of Manhattan. After deducting one (1) hour for lunch each day, Plaintiff worked approximately fifty-four (54) hours per week.

37. During the last five (5) years of his employment, Plaintiff was paid an hourly wage of $8.50 per hour; prior to that, Plaintiff was paid an hourly wage of $8.25 per hour. He was paid weekly, by check.

38. Plaintiff worked nine (9) days, for which he was not paid any wages.

39. Plaintiff was paid the same regular rate for all hours worked, without an overtime premium for hours worked in excess of forty (40) per week.

40. Plaintiff did not receive tips in connection with his employment.

41. Defendants knowingly and willfully operated their businesses with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff and other similarly situated employees.

42. Defendants knowingly and willfully operated their businesses with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

43. Defendants knowingly and willfully operated their business with a policy of not paying New York State "spread of hours" premiums to Plaintiff and other similarly situated employees.

44. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

45. Plaintiff did punch a time clock, and was paid hourly. However he was not provided with a written accounting of his pay, and records in Defendants' possession may be false.

46. Defendant, Ernesto Decena, is an individual who, upon information and belief, owns the stock of Ernie's Auto Detailing, Inc., owns Ernie's Auto Detailing, Inc, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

47. Defendant, Carmine Penella is an individual who, upon information and belief, manages employees in the service department at Lexus of Manhattan, and makes important business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

48. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "47" of this Complaint as if fully set forth herein.

49. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

50. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

51. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

52. Plaintiff Nicolas Lopez Rosado, worked hours for which he was paid less than the statutory minimum hourly wage.

53. At relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, for his hours worked.

54. Plaintiff, was entitled to be paid at the rate of time and one-half the statutory minimum for all hours worked in excess of the maximum hours provided for in the FLSA.

55. Defendants failed to pay Plaintiff, overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

56. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff, for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

57. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime pay would financially injure them.

58. Defendants failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

59. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery

proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

60. Defendants failed to properly disclose or apprise Plaintiff, Nicolas Lopez Rosado, of his rights under the FLSA.

61. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

62. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

63. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

64. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "63" of this Complaint as if fully set forth herein.

65. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

66. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff wages for all hours worked, and minimum wages in the lawful amount for hours worked.

67. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than one and one-half times the

11

statutory minimum rate of pay for each hour worked in excess of forty (40) hours in a workweek.

68. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premiums to Plaintiff for each day he worked a spread of greater than ten (10) hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

69. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, unpaid overtime wages, unpaid "spread of hours" premiums, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al*. and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

70. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "69" of this Complaint as if fully set forth herein.

71. Upon information and belief, Defendant's record keeping practices were intended to, and did in fact, disguise the actual number of hours the employee worked, in order to avoid paying for her full hours worked; and, any overtime due.

72. Defendant willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets, wage notices, and payroll records.

73. Plaintiff was not provided with a proper, written wage notice, as required by law.

74.     The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

75.     Plaintiff was not provided with a wage statement as required by law.

76.     Defendant's failure to provide an accurate annual wage notice entitles plaintiff to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

77.     Defendant's failure to provide a weekly wage statement entitles each plaintiff to statutory damaged in the amount of two hundred fifty dollars ($250.00) for each work day the violation occurred, to a maximum of five thousand dollars ($5,000). New York Labor Law §§195(1)(a), (3); 198 (1-d).

78.     Defendant failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, is liable for civil penalties, attorneys' fees, and costs.

**PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiff, Nicolas Lopez Rosado, on behalf of himself and all similarly situated employees, respectfully requests that this Court grant the following relief:

(a)     An award of unpaid wages and minimum wages due under the FLSA and New York Labor Law;

(b) An award of unpaid overtime wages due under the FLSA and New York Labor Law;

(c) An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e) An award of liquidated damages and statutory penalties as a result of Defendants' willful failure to pay minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law;

(f) An award of prejudgment and post-judgment interest;

(g) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(h) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
April 2, 2019

Respectfully submitted,

By: _____
Peter H. Cooper  (PHC 4714)

CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
708 Third Avenue – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile (212) 209-7102
E-mail: pcooper@jcpclaw.com

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Nicolas Lopez__, am an employee currently or formerly employed by __Earnies Auto Detailing + Lexus of Manhattan__ and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
__April 1__, 2019